IN THE UNITED STATES DISTICT COURT
EASTERN DISTRICT OF MISOURI
NORTHEASTERN DIVISION

| | |
|---|---|
| ASHLEE STRUTTMANN,       )<br>                              )<br>                              )<br>      Plaintiff,             )<br>                              )    Case No.:<br>vs.                           )<br>                              )<br>                              )<br>STEPHEN KORTE, Individually  )<br>and in his Official Capacity as the )<br>SHERIFF OF PIKE COUNTY, MISSOURI )<br>and                           )<br>UNKNOWN EMPLOYEES OF THE     )<br>PIKE COUTY MISSOURI SHERIFF, Individually )<br>and in their capacity as Employees of the Pike )<br>County Sheriff's Office,      )<br>                              )<br>                              )<br>      Defendants.              ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Comes now the Plaintiff, by and through their undersigned counsel, and for her cause of action against the Defendants, states to the Court as follows:

### JURISDICTION AND VENUE

The United States District Court for the Eastern District of Missouri, Northeast Division, has jurisdiction in this action pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the Plaintiffs' pendent state claims pursuant to 28 U.S.C. § 1367.

### FACTS COMMON TO ALL COUNTS

1. At all times mentioned herein Plaintiff, Ashlee Struttmann, was the wife

of Ben William Struttmann, deceased (hereinafter the "Decedent") and is a resident of the State of Missouri.

2. At all times mentioned herein Defendant, Sheriff Stephen Korte, and the Unnamed Employees of the Pike County Sheriff's Office, individually and in their official capacity as law enforcement officers, were acting under color of state law.

3. Decedent was a pretrial detainee in the Pike County Jail and was entitled to proper medical evaluation and care including suicide prevention pursuant to the Due Process clause of the Fourteenth Amendment of the United States Constitution. Decedent was found dead in his jail cell hanging by his jail shirt on January 27, 2019. Decedent died at noon on that date but was not found by the Defendants until 3:30 p.m. on the same day.

4. Defendant Korte was, at all times relevant herein, responsible for training and supervising law enforcement officers acting under his authority as officers of the Pike County Sheriff's Office. All defendants knew or should have known that the Decedent was at serious risk of suicide and required constant surveillance, monitoring, medical evaluation and care. The Defendants, and each of them, acted with deliberate indifference and conscious disregard for the Decedent's right to surveillance, monitoring, medical evaluation, and care and suicide prevention thereby causing and contributing to the Decedent's death.

## COUNT I

### DEFENDANTS STEPHEN KORTE AND THE UNKNOWN EMPLOYEES

### OF THE PIKE COUNTUY SHERIFF'S OFFICE

### 42 U.S.C 1983

### FOURTEEN AMENDMENT DUE PROCESS VIOLATION

Come now the Plaintiff, Ashlee Struttmann, and for her cause of action against the Defendants, under Count I herein, state to the Court as follows:

5. Plaintiffs adopt and incorporate by reference each and every allegation, statement and averment in the statement of facts.

6. At all times relevant to this Complaint, Defendants were acting under the color of state law.

7. Decedent, as a pretrial detainee, was entitled to proper medical care pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

8. At the time that Decedent was taken into custody, he had serious medical needs, including the risk of suicide.

9. At the time that Decedent was taken into custody, Defendants knew or should have known that Decedent had serious medical needs, including the risk of suicide.

10. Defendants knew or should have known, that at the time Decedent as taken into custody that their failure to address Decedents substantial medical care needs including the risk of suicide created an excessive risk of harm to Decedent's health and safety.

11. Defendants violated the Decedent's right to Due Process under the Fourteenth Amendment of the United States Constitution in the care and treatment of Decedent in all respects, including, but not limited to the following, to wit:

(A) Defendant Korte, through his agents, servants and employees failed to pro

3

vide medical care for the Decedent when, in the exercise of reasonable care, he could have

(B) Defendant Korte, through his agents and employees, failed to assess the Decedent for the risk of suicide during his time in custody at the Pike County jail.

(C) Defendant Korte failed to have qualified medical personnel on staff in order to evaluate pretrial detainees and respond to their need for medical care.

(D) Defendant Korte failed to train his staff in the proper assessment and treatment of pretrial detainees in need of substantial medical care, including the risk of suicide.

(E) Defendant Korte failed to have a policy or protocol in place for accessing immediate medical care for pre-trial detainees in medical distress.

(F) Defendant Korte failed to have a policy or protocol in place for assessing the medical conditions of the detainees, including the risk of suicide.

(G) Defendant Korte failed to have a policy and protocol in place for assessing and determining a pretrial detainees fitness for confinement.

(H) Defendant Korte, through his agents, servants and employees, failed to monitor Decedent's serious and life threatening medical condition when they actually knew or should have known that the Decedent's medical condition placed him at immediate risk of death if he was denied medical care.

12.     Defendants acted with deliberate indifference and conscious disregard for the Decedent's substantial medical care needs, including the risk of suicide, by withholding and preventing access to such care.

13.     Defendants acted with deliberate indifference and conscious disregard for the Decedent's physical wellbeing by not properly monitoring the decedent on the day of his death.

14.     As a direct and proximate result of Defendant Korte's deliberate indifference and conscious disregard for the Decedent's substantial medical care needs, including the risk of sui-

cide, Decedent suffered mental harm and duress, emotional harm and duress, and physical harm and duress.

15. As a direct and proximate result of Defendant Korte's deliberate indifference and conscious disregard for the Decedent's substantial medical care needs, including the risk of suicide, Plaintiff has lost the care, companionship, services, comfort, instruction, guidance, counsel, training, and support of the Decedent.

16. As a direct and proximate result of Defendant Korte's deliberate indifference and conscious disregard for the Decedent's substantial medical care needs, including the risk of suicide, Plaintiffs incurred fees for funeral and burial expenses.

17. The acts of Defendant Korte, as described above, were intentional, wanton, malicious, reckless, oppressive and callously indifferent to Decedent's rights, thus entitling Plaintiff to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays judgment against defendant Korte, under Count I herein, in an amount that is fair and reasonable as and for actual damages and in an amount that is fair and reasonable as and for punitive damages, her costs herein expended and for such other and further relief the Court may deem just and equitable in the premises.

## COUNT II

### MISSOURI WRONGFUL DEATH 537.080RSMO

Come now the Plaintiff, Ashlee Struttmann, and for her cause of action against the Defendants, under Count II herein, state to the Court as follows:

18. Plaintiff adopts and incorporates by reference each and every allegation, statement and averment in the statement of facts and Count I.

19. Plaintiff is a member of the class entitled to bring this action pursuant to 537.080(2) RSMo.

20. Defendant Stevens was negligent and careless in the care and treatment of Decedent in all respects, including but not limited to the following, to wit:

(A) Defendant Korte, through his agents, servants and employees failed to provide medical care for the Decedent when, in the exercise of reasonable care, he could have.

(B) Defendant Korte, through his agents and employees, failed to assess the Decedent for the risk of suicide during his time in custody at the Pike County jail.

(C) Defendant Korte failed to have qualified medical personnel on staff in order to evaluate pretrial detainees and respond to their need for medical care.

(D) Defendant Korte failed to train his staff in the proper assessment and treatment of pretrial detainees in need of substantial medical care, including the risk of suicide.

(E) Defendant Korte failed to have a policy or protocol in place for accessing immediate medical care for pre-trial detainees in medical distress.

(F) Defendant Korte failed to have a policy or protocol in place for assessing the medical conditions of the detainees, including the risk of suicide.

(G) Defendant Korte failed to have a policy and protocol in place for assessing and determining a pretrial detainees fitness for confinement.

(H) Defendant Korte, through his agents, servants and employees, failed to monitor Decedent's serious and life threatening medical condition when they actually knew or should have known that the Decedent's medical condition placed him at immediate risk of death if he was denied medical care.

21.     On information and belief, the Defendants are insured by the Missouri Public Employees Risk Management Fund (MOPERM) or other insurance carrier.

22.     That as a direct and proximate result of the aforementioned negligent and careless acts and omissions of the Defendants, Decedent was denied any chance of surviving his medical crisis. The Plaintiff suffered the catastrophic death of her husband. The Decedent suffered extreme physical pain, suffering and distress as well as extreme mental and emotional anguish during his detention. Plaintiff has suffered the loss of Decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support. Plaintiff has also incurred funeral expenses in connection with Decedent's death.

23.     Defendants' aforementioned acts and omissions were willful, wanton, malicious and in conscious disregard of the Decedent's rights entitling the plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against the Defendants, under Count II herein, in an amount that is fair and reasonable in excess of Twenty Five-Thousand Dollars ($25,000.00) as and for actual damages and in an amount that is fair and reasonable as and for punitive damages, their costs herein expended and for such other and further relief the Court may deem just and equitable in the premises.

Respectfully submitted,

**MCDONNELL & MCDONNELL**

By:  /s/ Myles D. McDonnell MBE 66721
Myles D. McDonnell
/s/ Bernard P. McDonnell MBE 27372
Bernard P. McDonnell
McDonnell & McDonnell
231 S. Bemiston (Suite 800)
Clayton, MO 63105
314.721.3898
314.854.1386 (Fax)
mdm@mcdonnellandmcdonnell.com
bpm@mcdonnellandmcdonnell.com
Attorneys for Plaintiffs